ACCEPTED
12-15-00033-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
7/30/2015 3:34:50 PM
CATHY LUSK
CLERK

# IN THE COURT OF APPEALS

## FOR THE TWELFTH APPELLATE DISTRICT OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
7/30/2015 3:34:50 PM
CATHY S. LUSK
Clerk

### TYLER, TEXAS

| | | |
|---|---|---|
| IN THE MATTER OF | § | |
| | § | |
| THE ESTATE OF | § | CAUSE NUMBER 12-15-00033-CV |
| | § | |
| RUBY RENEE BYROM | § | |

FROM CAUSE NUMBER 2013-18 IN THE 4TH DISTRICT COURT OF

CHEROKEE COUNTY, TEXAS; THE HON. J. CLAY GOSSETT, JUDGE.

§ § §

## APPELLEE'S BRIEF

§ § §

**Oral Argument is not requested.**

**Joseph F. Zellmer**
**State Bar Number 22258515**
**620 West Hickory Street**
**Denton, Texas 76201**
**Telephone: 940/383-2674**
**Email: jfz@zellmerlaw.com**

**Jill Campbell Penn**
**State Bar Number 24051181**
**516 East Commerce Street**
**Jacksonville, Texas 75766**
**Telephone: (903) 586-2544**
**Email: jill@therichardslawfirm.com**

## LIST OF INTERESTED PARTIES

Pursuant to Rule 38.1(a), Tex.R.App.P., the following is a complete listing of all parties to the trial court's final judgment and their counsel in the trial court:

1. Appellants Jerry Byrom; Dimple Byrom; and Dorothy Berry;

2. Joe Shumate and James J. Rosenthal, appellate and trial counsel for Jerry Byrom, Dimple Byrom, and Dorothy Berry, P.O. Box 1915, Henderson, Texas 75653;

3. Appellee Jill Campbell Penn, court-appointed receiver, 516 East Commerce Street, Post Office Box 1309, Jacksonville, Texas 75766; and

4. Joseph F. Zellmer, lead appellate counsel for Jill Campbell Penn, 620 W. Hickory, Denton, Texas 76201.

# TABLE OF CONTENTS

LIST OF INTERESTED PARTIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

THE CASE IN BRIEF. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

OUTLINE OF APPELLEE'S RESPONSES. . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**APPELLEE'S RESPONSE 1 -APPELLANT'S ISSUE 1 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6**

**APPELLEE'S RESPONSE 2. - APPELLANT'S ISSUE 1 IS NOT A PROPER ISSUE FOR APPEAL AS THE IMPOSITION OF A CONSTRUCTIVE TRUST AND ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AS HIS COMPLAINTS WERE OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV.. . . . . . . . . . . . . . . . . . . 6**

**APPELLEE'S RESPONSE 3. - APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6**

**APPELLEE'S RESPONSE 4. - APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES CITED BY APPELLANT DEAL WITH A CONSTRUCTIVE TRUST. .. . . . 6**

**APPELLEE'S RESPONSE 5. -  APPELLANT'S ISSUE 2 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21**

**APPELLEE'S RESPONSE 6. -  APPELLANT'S ISSUE 2 IS NOT A PROPER ISSUE FOR APPEAL AS THE PREVIOUS ORDERS FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST AND THE ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AND WAS OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV AND THEREFORE CANNOT BE A BASIS FOR OVERTURNING THE ATTORNEY'S FEES ORDERED IN THE DECREE ORDERING SALE OF REAL PROPERTY. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21**

**APPELLEE'S RESPONSE 7. -   APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA. .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21**

**APPELLEE'S RESPONSE 8. -APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES CITED BY THE APPELLANT DEAL WITH A CONSTRUCTIVE TRUST . .. . . . . . . . . . . . . . . . . . . . . . . . 21**

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

APPENDICES 1-10 (INDEX TO FOLLOW)

# INDEX OF AUTHORITIES

## CASES

<u>**PAGES**</u>

Alanis v. Valdespino, 2012 Tex. App. LEXIS 4065, 17
 (Tex. App.– San Antonio May 23, 2012). . . . . . . . . . . . . . . . . . . . . . . . . . 9

Barr v. Resolution Trust Corp., 837 S.W.2d 627
 (Tex. 1991). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Baucom v. Texam Oil Corp., 423 S.W.2d 434
 (Tex. App.–El Paso 1967, writ ref'd n.r.e. . . . . . . . . . . . . . . . . . . . . . . . 18

Bransom v. Standard Hardware, 874 S.W.2d 919
 (Tex. App-Fort Worth 1994, writ denied). . . . . . . . . . . . . . . . . . . . . . .18, 20

Clancy, 705 S.W.2d at 823. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 9

Green v. Kaposta, 152 S.W. 3d 839
 (Tex. App.–Dallas 2005, no pet.). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Hollifield v. Hollifield, 925 S.W2d 153
 (Tex. App.–Austin 1996, no writ). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Rich v. Olah, 274 S.W.3d 878
 (Tex. App.–Dallas 2008). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

State & Cnty. Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693
 (Tex. 2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Travelers Ins. Co. v. Joachim, 315 S.W.3d 860
 (Tex. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

## ARTICLES, CODES, AND CONSTITUTIONS

# IN THE COURT OF APPEALS

# FOR THE TWELFTH APPELLATE DISTRICT OF TEXAS

# TYLER, TEXAS

| | | |
|---|---|---|
| **IN THE MATTER OF** | § | |
| | § | |
| **THE ESTATE OF** | § | **CAUSE NUMBER 12-15-00033-CV** |
| | § | |
| **RUBY RENEE BYROM** | § | |

# APPEALED FROM CAUSE NUMBER 2013-18 IN THE COUNTY COURT

# OF CHEROKEE COUNTY, TEXAS; THE HONORABLE  J. CLAY

# GOSSETT, JUDGE PRESIDING.

## THE CASE IN BRIEF

**THE CAUSE OF ACTION**.......................................... Petition for Partition

**VERDICT**.................................................................. **Property not subject to partition.  Real property ordered sold.**

**OUTLINE OF APPELLEE'S RESPONSES**

**APPELLEE'S RESPONSE 1. - APPELLANT'S ISSUE 1 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED.**

**APPELLEE'S RESPONSE 2. - APPELLANT'S ISSUE 1 IS NOT A PROPER ISSUE FOR APPEAL AS THE IMPOSITION OF A CONSTRUCTIVE TRUST AND ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AND WAS OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV.**

**APPELLEE'S RESPONSE 3. - APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA.**

**APPELLEE'S RESPONSE 4. - APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES DEAL WITH A CONSTRUCTIVE TRUST.**

**APPELLEE'S RESPONSE 5. -  APPELLANT'S ISSUE 2 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED.**

**APPELLEE'S RESPONSE 6. -  APPELLANT'S ISSUE 2 IS NOT A PROPER ISSUE FOR APPEAL AS THE PREVIOUS ORDERS FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST AND THE ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AND WAS OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV AND THEREFORE CANNOT BE A BASIS FOR OVERTURNING THE ATTORNEY'S FEES ORDERED IN THE DECREE ORDERING SALE OF REAL PROPERTY.**

**APPELLEE'S RESPONSE 7. -** **APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA.**

**APPELLEE'S RESPONSE 8. -APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES DEAL WITH A CONSTRUCTIVE TRUST.**

# STATEMENT OF FACTS

This appeal stems from the same case that was the subject of two previous appeals. The factual background of the underlying case can be found in this court's opinion in Cause No. 12-09-00279-CV attached hereto as Appendix 1.[1] The underlying order in the appeal in Cause No. 12-09-00279-CV was an Order on Motion for Constructive Trust wherein a constructive trust was imposed on the property in question.[2] The imposition of the constructive trust was upheld by this court. A petition for review was filed in the Supreme Court of Texas and the petition was denied. Appendix 3

Thereafter, further action was taken in the County Court in Cherokee County. The result of this action was an entry of an Order for Sale of Real Property and for Appointment of Receiver. A corrected order entitled First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver was entered on May 13, 2013. Appendix 4. Appeal was taken in Cause No. 12-12-00374-CV. The judgment of the trial court was affirmed in this Court's memorandum opinion delivered on July 31, 2013. Appendix 5. A petition for review was filed by the Appellant in the Supreme Court of Texas and the petition

---

[1] There was a companion writ of habeas corpus in Cause No. 12-09-00278-CV.

[2] The order was later entered as Nunc Pro Tunc Order on Motion for Constructive trust. Appendix 2

was denied. Thereafter, Appellant filed a motion for rehearing of the petition for review and this was denied. Appendix 6 (printed from the website for the Supreme Court of Texas).

Thereafter, a petition for partition was filed in the District Court of Cherokee County, Texas, finally resulting in the Decree Ordering the Sale of Real Property (Appendix 7) from which appeal was taken.

# APPELLEE'S RESPONSE 1

## APPELLANT'S ISSUE 1 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED.

# APPELLEE'S RESPONSE 2

## APPELLANT'S ISSUE 1 IS NOT A PROPER ISSUE FOR APPEAL AS THE IMPOSITION OF A CONSTRUCTIVE TRUST AND ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AND WAS OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV.

# APPELLEE'S RESPONSE 3

## APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA.

# APPELLEE'S RESPONSE 4

## APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES CITED BY APPELLANT DEAL WITH A CONSTRUCTIVE TRUST.

## SUMMARY OF ARGUMENT:

As has become Appellant's practice from the two previous appeals in this

case, Appellant combines multiple issues under a single issue and adds more

issues, not listed in the stated issues, in the body of his brief. The structure of the brief is so confusing that is never really clear whether he is arguing a stated issue, an issue from a previous appeal, or an issue not stated but inserted in the brief. Therefore this court should disregard any assignment of error that is multifarious.

In addition, Appellant continues to attempt to reargue the first two appeals in current appeal. Further, Appellant is attempting to litigate the case before this court by including evidence which is not part of the record and, as will be argued, is perjured evidence. Appellant's issue 1 is barred by the doctrine of Res Judicata.

**UNDERLYING FACTS and ARGUMENT AND AUTHORITY:**

In the interest of brevity and because of the nature of the argument, Appellee's Response 1 through 4, as well as the underlying facts and argument and authority, are briefed together.

To summarize the Appellant's brief, I will modify a famous quote attributed to Yogi Berra and say "It's res judicata all over again." It is not clear how much of Appellant's brief needs to be addressed as the foundation for most of his issues (homestead and constructive trust being imposed to satisfy a debt) are settled from two previous appeals and the rulings were adverse to him.

As in prior briefs (12-09-00279-CV and 12-12-00374-CV), Appellant's issues are multifarious and his brief structure is so confusing it is difficult to

understand what he is arguing, especially when he adds new issues in the body of his brief. For instance, Appellant adds an evidentiary claim in part A (Appellant's brief p. 17-18) of his brief by claiming proof of a homestead but not mentioning that he raised a homestead objection in the trial court and failed to get ruling (RR.4, p. 4). He later adds a lack of jurisdiction claim (Appellant's brief p. 27), and he only gets there after a torturous journey through the two previous appeals and a related writ of habeas corpus and a failed attempt to re-litigate the claim.

As far as his stated issues, Appellant lists two "Issues Presented" in his Table of Contents. They are:

> Issue 1: The Decree Ordering Sale of Real Property (Appellants' Homestead), and underlying orders impressing a constructive trust upon the Appellants' Homestead or compelling the forced sale of Appellants' homestead, are void as a matter of law.
>
> Issue 2: The order to pay attorney fees contained in the Decree Ordering Sale of Real Property and underlying orders impressing a constructive trust upon and ordering the sale of Appellants' Homestead, are void as a matter of law. (Appellant's brief p. iii)

What is immediately obvious is that Issue 1 and Issue 2 are multifarious.

A point of error is multifarious when it generally attacks the trial court's order with numerous arguments. See Hollifield v. Hollifield, 925 S.W2d 153, 155 (Tex. App.–Austin 1996, no writ); Clancy, 705 S.W.2d at 823. We may disregard

any assignment of error that is multifarious. See Hollifield, 925 S.W2d at 155; Clancy, 705 S.W.2d at 824. Alternatively, we may consider a multifarious issue if we can determine, with reasonable certainty, the error about which complaint is made. See Green v. Kaposta, 152 S.W. 3d 839, 842 n.2 (Tex. App.-Dallas 2005, no pet.). Rich v. Olah, 274 S.W.3d 878, 885 (Tex. App. Dallas 2008).

In addition to being multifarious, the claims are barred by res judicata.

Res judicata bars assertion of a claim in a subsequent case when (1) there is a prior final determination on the merits by a court of competent jurisdiction; (2) the parties in the second action are the same or in privity with those in the first action; and (3) the second action is based on the same claims as were raised or could have been raised in the first action. Travelers Ins. Co. v. Joachim, 315 S.W.3d 860, 862 (Tex. 2010). Res judicata precludes the relitigation of claims that were finally adjudicated "as well as related matters that, with the use of diligence, should have been litigated in the prior suit." Barr v. Resolution Trust Corp., 837 S.W.2d 627, 628 (Tex. 1991). Texas follows the transactional approach to res judicata barring claims arising out of the transaction or occurrence that is the subject matter of the first suit. State & Cnty. Mut. Fire Ins. Co. v. Miller, 52 S.W.3d 693, 696 (Tex. 2001). As the Texas Supreme Court has explained, "[m]odern rules of procedure obviate the need to give parties two bites at the apple … to ensure that a claim receives full adjudication." Barr, 837 S.W.2d at 631. Alanis v. Valdespino, 2012 Tex. App. LEXIS 4065, 17-18 (Tex. App. San Antonio May 23, 2012). See also this Court's opinion in 12-12-00374-CV. Appendix 5

Before getting into the Appellant's complaints, it needs to be stated that only one order was appealed in this current appeal and that is the Decree Ordering Sale of Real Property entered by the District Court of Rusk County on November

14, 2014.  As will be seen, Appellant pays cursory attention to this order at best.

His real focus is to reargue all of his complaints in two previous appeals in which

this court found against him.

**Appellant's Issue 1 - Res Judicata**

Appellant's issues, as set forth above,  in this appeal are essentially the same

exact complaints Appellant made in Cause No. 12-12-000374-CV wherein

Appellant complained:

> That the trial court erred in ordering a constructive trust
> and sale of the homestead of Jerry Byrom in order to pay
> a judgment for attorneys fees, guardian's fees,
> accounting fees and interest  thereon. (p. iv, Brief of
> Appellant, Jerry Byrom)

This issue and the subsequent arguments were disposed of in this Court's

Memorandum Opinion delivered on July 31, 2013.   Petition for review to the

Texas Supreme Court was denied on January 31, 2014.  The motion for rehearing

of petition for review was denied on March 28, 2014. Appendices 5 and 6.

Of course, if this issue above looks familiar, that is because in Cause No.

12-09-00279-CV, Appellant complained (although not listed as an Issue

Presented):

> The court has exceeded its authority in ordering a
> constructive trust and sale of Byrom's homestead

property, located on land owned by him for more that 20 years and at least partially paid for by community property funds equally belonging to his wife, Mrs. Dimple Byrom. (#6, p. 5, First Amended Brief of Appellant, Jerry Byrom)

This issue and the subsequent arguments were also disposed of in this Court's Memorandum Opinion in Cause No. 12-09-00279-CV delivered on February 16, 2011. Petition for review in the Texas Supreme Court was denied on July 8, 2011. Appendices 1 and 3.

Unless this court orders it, I do not intend to reargue settled rulings. However, some of the settled rulings will be discussed to show Appellant's disregard of this court's previous rulings and to show that he continues to make the same tired arguments that he made in the previous two appeals and fails to address the one order on appeal.

Now, if you take the previously ruled on issues from the previous two appeals out of the claimed issues in the current case, you are left with:

> Issue 1: **The Decree Ordering Sale of Real Property** ~~(Appellants' Homestead), and underlying orders impressing a constructive trust upon the Appellants' Homestead or compelling the forced sale of Appellants' homestead, are~~ **(is) void as a matter of law.**
>
> Issue 2: **The order to pay attorney fees contained in the Decree Ordering Sale of Real Property** ~~and underlying orders impressing a constructive trust upon~~

~~and ordering the sale of Appellants' Homestead, are~~ **(is)**
**void as a matter of law.**

To summarize Appellant's argument, The Decree Ordering the Sale of Real Property is void and the order for attorney's fees contained therein is void because the orders from the previous two appeals, which he lost, are void.

In regard to Appellant's Issue 1, after you apply all previous rulings to it, all you are left with is "The Decree Ordering the Sale of Real Property is void as a matter of law." Although entitled as a an order of sale, it is actually an order on the motion for partition. Even a cursory reading of the Decree Ordering the Sale of Real Property, makes it very clear that it is enforcing or executing the actual order of sale of the property contained in First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver. Appendix 4. In paragraph 6 of the Decree, the court writes "Accordingly, the Real Property must be sold per the pervious order of the Cherokee County Court at Law, affirmed by the Tyler Court of Appeals." Therefore, all of Appellant's complaints and arguments do not apply to the Decree but are actually attacking the Order for Sale of Real Property and for Appointment of Receiver which has been affirmed. In other words, his whole and only basis for attacking the Decree Ordering the Sale of Real Property is his claim that the prior orders are void. His arguments are the same old

arguments he made in the previous two appeals and are therefore Res Judicata.

Appellant's argument today is the same as the previous two appeals and it rests on his claim that the property in question is the homestead of the Appellant and that it is being sold to satisfy a debt and he makes this claim despite the fact that this claim has already been decided. In order to establish these two claims, Appellant chooses to ignore this court's previous rulings, the law, and the facts. Instead, he chooses to make the same homestead arguments that he made previously in the two appeals he lost. The law is clear in that the claim of a homestead being sold to satisfy a debt has been put to rest through two previous appeals to this Court and the Supreme Court of Texas refusing to review this Court's decisions. Appendices 1,3,5,6.

**Attempt to relitigate - The epitome of res judicata**

Since the appellate arguments have not worked, Appellant has tried in his brief to relitigate the homestead claim by asking this court to make a homestead finding by relying on the affidavits of Jerry and Dimple Byrom which are attached to Appellant's brief. (Appellant brief p. 18, Exhibits G and H). First, this attempt at relitigation is the epitome of res judicata. Second, Appellant fails to state how this court can become a fact finder in this case using evidence that was not presented in the trial court. Third, Appellant fails to explain how a homestead

finding helps him especially in light of the two previous decisions out of this court. Fourth, these affidavits are subject to a motion to strike filed in this cause by Appellee and more importantly, there is no indication that these affidavits were ever a part of the record of this case or in any way presented to the trial court. Dimple Byrom's affidavit (Appellant's brief, Exhibit G) has a file mark on it from the county clerk of Cherokee County but it does not indicate if it was filed in the deed records or in a court record. This appeal stems from a district court case so it would seem likely that if presented to the trial court in this case it would have a district court file mark. It is not in the clerk's record from this case with this court.

What is most disturbing is that Appellant has attempted to interject evidence in this case without notifying this court or opposing counsel. This wrongful act is multiplied when you see that the date of Appellant's affidavit (Appellant's brief, Exhibit H) is May 7, 2015 which is almost six months after the Decree Ordering the Sale of Real Property was entered on November 14, 2014. To further multiply the wrongful act, Jerry Byrom perjures himself in the affidavit. In the affidavit, he claims that the house was constructed in March 2006 and before he received any money from the estate. However, On June 2, 2009, while under oath in Cause No. P10745, Jerry Byrom testified that he used the money from his mother's estate to build a house and that he used $200,000.00 of the estate property to build the

house. Appendix 9.[3]  The record and this court's opinion in 12-12-00374-CV show that the house was the house in question.  Further, in the current case, Jerry Byrom testified that there was no way to trace where the money came from. (RR.4, p. 22) while claiming in the affidavit that no estate property was used.

Also, Byrom's claim to constructing the home in March 2006 is contrary to the evidence Byrom himself filed with this Court Cause Number 12-09-00279-CV, exhibit 3 of his Supplement to First Amended Brief of Appellant, Jerry Byrom. Exhibit 3 is the contract for the construction of the house and is dated April 5, 2006 which is a month after he claims it was constructed. Appendix 10. Moreover, the appraisal district shows the house having been built in 2007 (RR4, P.10).  This attempt to surreptitiously change the record not only by adding evidence without notifying the court or opposing counsel but by adding perjured evidence is reprehensible and I hope this court will consider sanctions. Regardless, Appellant still fails to explain how a homestead finding helps him in light of this court's previous two rulings.

**Debt claim - more res judicata**

Now to the debt claim.  Appellant continues to argue that the "homestead"

---

[3]This reporter's record should have been filed in 12-09-000279-CV and/or 12-09-000278-CV.

is being sold to satisfy a debt (Appellant's brief p. 18). Appellant fails to cite to any place in the record where the constructive trust was imposed to satisfy a debt. If it were a debt, it would be a simple judgment or a lien. Instead, a constructive trust was imposed. Moreover, Appellant never deals with the finding that "Byrom wrongfully used the estate's money to construct the home he now claims as homestead". Appendix 5. It was the estate's money, not his, as he had argued in a previous appeal. Further, as this court pointed out, Byrom had a statutory duty as executor to pay the estate creditors and, in violation of his statutory duty, he used the estate's money for himself. Appendix 5. Appellant does not address the misappropriation of estate money. Appellant does not address the statutory duty to pay the estate creditors. Even if he could address these points, he would be faced with the herculean task of showing what difference it would make in light of the fact that these points have already been decided adversely to him in the previous two appeals.

What Appellant has failed to do is deal with the true facts of this case and address them properly and in a timely manner. The proper time to have addressed these issues was in the previous two appeals and he was unsuccessful in doing so then. His arguments now are barred by res judicata.

**Unstated Issue - Constitutional exceptions to sale of homestead**

In part B of his brief, Appellant attempts to confuse the issue of this case by claiming that the homestead status of the real property and applicable constitutional exceptions permitting forced sale of homestead property has to be in the order for sale specifically the Decree Ordering Sale of Real Property. (Appellant's brief, p. 19-20). However, the Decree Ordering Sale of Real Property (herein after "Decree")(Appellant's brief, p. 20) is not the order which actually ordered the sale of the property. The Decree, which was entered as a result of the of Appellee's Original Petition for Partition, is nothing more than a ruling on the partition and executing the order of sale issued by the County Court. The actual order for the sale of the property came from the Order for Sale of Real Property and for Appointment of Receiver ministerially changed in First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver (Appendix 4) and this order has been appealed, ruled upon, and put to rest. In other words, Res Judicata.

Even more importantly, the cases cited by Appellant are not germane to this case. Not a single case cited deals with a constructive trust impressed upon property under the same or similar circumstances of this case and the sale of that property. Each one of Appellant's cited cases deal with a lien or judgment. Not a

single constructive trust. Regardless, Appellant fails to explain how this is relevant in light of this Court's opinion in 12-12-00374-CV and cites to Baucom v. Texam Oil Corp., 423 S.W.2d 434(Tex. Civ. App-El Paso 1967, writ ref'd n.r.e.) And Bramson v. Standard Hardware, 874 S.W.2d 919(Tex. App.-Fort Worth 1994, writ denied). Appendix 5. Homestead or not, the constructive trust is valid as well as is the order for sale. Both issues previously appealed with adverse ruling for the Appellant. Res Judicata.

**Rearguing previous appeals**

Continuing with old arguments– none of which address the current order in issue, Appellant attacks this Court's opinion in 12-12-00374-CV and, like in previous appeals, chooses conclusory statements and misdirection in an attempt to confuse the issues in hope of getting a favorable decision. For instance, in his brief Appellant writes about an independent executor not owing a fiduciary or special duty to the creditors of a decedent's estate (Appellant's brief p. 28). Appellant does not show from the record that the constructive trust was imposed because of a debt. Appellant does not cite to a single place where this court in this case ever said anything about Appellant owing a fiduciary duty to the creditors. Appellant does not cite to a single place where this court found that the constructive trust was imposed and the property ordered sold because of a

fiduciary duty owed by Appellant to creditors. This is because the court never said or implied this type of fiduciary duty. What was said is that Appellant had a statutory duty to pay claims against Ruby Byrom's estate (P. 6 of 12-09-00279-CV). Appellant has not said a word about this ruling. He has not said a thing about his duty to pay the claims against Ruby Byrom's estate and his failure to do so.

Appellant has not said a word about his fiduciary duty to the estate and his breach of that duty. He does not say anything about these findings being in an order that was appealed, the judgment affirmed, and the Supreme Court of Texas denying the petitioner for review. Appendix 2,3, 4. He even claims that the constructive trust was based on an alleged breach of"fiduciary duty" without any lawful justification to support the conclusion that Jerry Byrom was a fiduciary (Appellant Brief p. 29). He cites to the First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver (Appendix 4) but fails to mention or discuss the Nunc Pro Tunc Order on Motion for Constructive Trust (Appendix 2) which is the foundation for the order for the sale and appointment of a receiver. In that order, it was stated over and over again that Jerry Byrom breached his fiduciary duty to the Estate of Ruby Renee Byrom. As has been said so many times in this brief, that order was appealed, affirmed, and put to rest. It is

res judicata.

Appellant's continued choice to brief and argue faux facts and issues is tiring.

**Another undesignated issue**

Throwing in another issue in the middle of his brief on page 33, Appellant brings up Dimple Byrom's interest in the real property. Appellant fails to brief and state how Appellant's spouse gets to benefit from wrongfully acquired property especially in light of Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 928(Tx.App. - Ft. Worth, 1994) where the court stated "Further, it is immaterial that appellant was without knowledge or fault with respect to his wife's wrong doing." The point in that case was that the "innocent spouse" could not profit from wrongly acquired funds being put into a homestead. This is, of course, the same case this Court referenced in its opinion in 12-12-00374-CV. Appendix 5.

In this appeal, like the previous two appeals, Appellant's choice not to address the true facts, which in this case would include the results and facts found in the two previous appellate ruling, and to continue to make the same argument over and over doom him to fail.

It is Res Judicata all over again.

**APPELLANT'S ISSUE 2 IS MULTIFARIOUS AND SHOULD NOT BE CONSIDERED.**

**APPELLEE'S RESPONSE 6**

**APPELLANT'S ISSUE 2 IS NOT A PROPER ISSUE FOR APPEAL AS THE PREVIOUS ORDERS FOR THE IMPOSITION OF A CONSTRUCTIVE TRUST AND THE ORDER FOR SALE AND APPOINTMENT OF A RECEIVER IS RES JUDICATA AND WAS OVERRULED IN CAUSE NUMBERS 12-09-00279-CV AND 12-12-00374-CV AND THEREFORE CANNOT BE A BASIS FOR OVERTURNING THE ATTORNEY'S FEES ORDERED IN THE DECREE ORDERING SALE OF REAL PROPERTY.**

**APPELLEE'S RESPONSE 7**

**APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS BARRED BY RES JUDICATA.**

**APPELLEE'S RESPONSE 8**

**APPELLANT'S UNSTATED ISSUE THAT THE ORDER OF THE DISTRICT COURT IS VOID BECAUSE THE RECORD FAILS TO SHOW THE HOMESTEAD STATUS OF REAL PROPERTY AND THE APPLICABLE CONSTITUTIONAL EXCEPTION PERMITTING FORCED SALE OF HOMESTEAD PROPERTY IS INAPPLICABLE TO THE CURRENT CASE AS NONE OF THE CASES CITED BY APPELLANT DEAL WITH A CONSTRUCTIVE TRUST.**

**SUMMARY OF ARGUMENT:**

Appellant's whole argument in regard to Appellant's Issue 2 is based upon

the same argument he put forth in support of Appellant's Issue 1. For the reasons set forth in response to Appellant's Issue 1, Appellant's Issue 2 should be denied.

**UNDERLYING FACTS and ARGUMENT AND AUTHORITY:**

There is nothing more to be said on this issue. Appellant does not add anything new to what he argued in his Issue 1. For that reason, Appellee incorporates by reference her response to Issue 1 into her response to Issue 2. Appellant's entire argument is based upon the presumption that the Nunc Pro Tunc Order on Motion for Constructive trust (Appendix 2) and the First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver (Appendix 4), both of which were affirmed by this court, are void. Therefore his argument must fail and the judgment must be affirmed.

**CONCLUSION AND PRAYER**

In conclusion, Appellee Jill Campbell Penn prays that this court in all things affirm the judgment of the trial court.

Respectfully submitted,

/s/Joseph F. Zellmer

_____

Joseph F. Zellmer
State Bar Number 22258515
620 West Hickory Street
Denton, Texas 76201
Telephone: (940) 383-2674
Facsimile:   (940) 382-7174
Email: jfz@zellmerlaw.com

/s/ Jill Campbell Penn

_____

Jill Campbell Penn
State Bar Number 24051181
Richards & Penn, LLP
P.O. Drawer 1309
516 East Commerce Street
Jacksonville, Texas 75766
Telephone: (903) 586-2544
Facsimile:   (903) 586-6529
Email: jill@therichardslawfirm.com

## CERTIFICATE OF COMPLIANCE

I certify that this document contains 5572 words, excluding appendices.  I relied on the word count function of Corel WordPerfect X4 word processing software.

/s/ Joseph F. Zellmer

_____

Joseph F. Zellmer

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 30th day of July, 2015, a true and correct copy of the above and foregoing Appellee's Brief was served on the following by e-service or electronic mail: Joe E. Shumate, P.O. Box 1915, Henderson, Texas 75653 and Hon. Judge J. Clay Gossett, Cherokee County Couthouse, 115 North Main Street, Suite 303, Henderson, Texas 75652.

/s/ Joseph F. Zellmer

_____

Joseph F. Zellmer

## APPENDICES
## APPELLEE'S BRIEF

| Document | Appendix # |
|---|---|
| Cause Number 12-09-00279-CV Court of Appeals opinion | 1 |
| Nunc Pro Tunc Order on Motion for Constructive Trust; No. 10745; County Court Cherokee County; 11-16-2009 | 2 |
| 12-09-00279-CV Petition for Review denied | 3 |
| First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver; 5-12-2013 | 4 |
| 12-12-00374-CV; Court of Appeals opinion | 5 |
| Supreme court: review denied; rehearing denied; | 6 |
| Decree Ordering Sale of Real Property | 7 |
| Table of contents 12-12-00374-CV Appellant's brief | 8 |
| Byrom Testimony from 6-2-2009 | 9 |
| Contract for construction of house | 10 |

# APPENDIX 1



# COURT OF APPEALS

## TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

## JUDGMENT

### FEBRUARY 16, 2011

### NO. 12-09-00279-CV

### IN THE ESTATE OF RUBY RENEE BYROM, DECEASED

---

Appeal from the County Court
of Cherokee County, Texas. (Tr.Ct.No. 10745)

---

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that the judgment of the trial court should be affirmed in part, dismissed in part, and vacated in part.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that this court is without jurisdiction to consider the issues presented by Appellant JERRY BYROM relating to the contempt order signed on June 16, 2009, and Appellant JERRY BYROM's first issue and his "summary" arguments 4 and 5 are **dismissed for want of jurisdiction**.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this court is without jurisdiction to consider the award of attorney's fees to Roy Anderson for seeking the removal of Appellant JERRY BYROM as independent executor, and that portion of Appellant JERRY BYROM's second issue is **dismissed for want of jurisdiction**.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the portion of Appellant JERRY BYROM's second issue regarding the award of attorney's fees to Roy Anderson for the contempt action is hereby **sustained**, and the trial court's award of attorney's fees in its June 16, 2009 order holding Appellant JERRY BYROM in contempt and for commitment to county jail is **vacated**. In all other respects, we **affirm** the judgment of the trial court; and that all costs of this

appeal are hereby adjudged against the appellant, **JERRY BYROM,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

# NO. 12-09-00279-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *RUBY RENEE BYROM,* | § | *COUNTY COURT OF* |
| *DECEASED* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Byrom appeals the county court's orders holding him in contempt and committing him to county jail, awarding attorney's fees, and imposing a constructive trust. On appeal, Byrom presents three issues. We dismiss in part, vacate in part, and affirm in part.

## BACKGROUND

Ruby Renee Byrom died on February 5, 2005, and her son, Byrom, was named in her will as the sole beneficiary and independent executor of her estate. The will was admitted to probate in the County Court at Law of Cherokee County (the probate court), and Byrom was appointed the independent executor of Ruby's will and estate without bond. A few months after Byrom was appointed, Roy Anderson and Duane L. Coker filed claims in the probate court against Ruby's estate. Anderson, who had been appointed by a Denton County court as Ruby's temporary guardian, filed a claim based on two orders from that court for payment of attorney's and temporary guardian's fees. Coker, who had been appointed as the attorney ad litem for Ruby in the guardianship proceeding, filed a claim based on an order from the Denton County court for payment of attorney's fees. Byrom, as the independent executor of Ruby's estate, denied Anderson's and Coker's claims.

Anderson filed a motion to remove Byrom as independent executor, or in the alternative, to have Byrom show cause why he should not be required to post a bond. Anderson also moved

to compel an accounting and requested attorney's fees. Byrom filed an inventory, appraisement, and list of claims, and Anderson objected to it. Thereafter, the probate court removed Byrom as independent executor for cause, but did not discharge him. Further, the probate court ordered Byrom to file an accounting and deposit $85,000.00[1] into the registry of the court within thirty days. The probate court also awarded Anderson attorney's fees against Ruby's estate in the amount of $14,034.10 for prosecuting the removal of the independent executor.

Then, Anderson filed a motion to enforce the removal order by contempt and requested attorney's fees. On June 16, 2009, the probate court ordered that Byrom be held in contempt for failing to deposit $85,000.00 into the registry of the court, and ordered that Byrom be committed to the county jail until he purged himself of the contempt and complied with the probate court's orders. The probate court also awarded Anderson attorney's fees against Ruby's estate in the amount of $7,058.17 for the contempt action.

Anderson filed a motion for a constructive trust to be imposed on Byrom's real property in Mount Enterprise, Texas, and requested attorney's fees. Coker, as intervenor, filed a notice of joinder in the motion to impose a constructive trust and an application for a turnover order. On August 10, 2009, the probate court granted the motion for a constructive trust, finding that Byrom had breached his fiduciary duty to Ruby's estate.[2] The probate court ordered that a constructive trust in the amount of $200,000.00 be imposed on Byrom's real property, and that if that amount was not paid into the registry of the court within thirty days, the probate court would order that the property be sold. Further, the probate court awarded Anderson and Coker attorney's fees against Ruby's estate totaling $6,412.94 incurred in obtaining the constructive trust. The probate court also ordered that a writ of attachment be issued for Byrom for failing to appear at the August 10 hearing even though he was ordered to do so. Finally, the probate court ordered that Byrom be brought before the court to fulfill the terms of the order holding him in contempt.

Byrom filed an application for a writ of habeas corpus seeking bond and the probate court set his bond at $80,000.00. Byrom's attorney filed the bond and Byrom was released. After a

---

[1] In the order removing Byrom as independent executor, Byrom was ordered to deposit $622,786.22 into the registry of the court. On December 9, 2008, the probate court issued a reformed order directing Byrom to deposit $85,000.00 into the registry of the court.

[2] On November 16, 2009, the probate court entered a nunc pro tunc order to correct the real property description attached to the original judgment imposing the constructive trust.

2

hearing, the probate court denied Byrom's application for writ of habeas corpus, ordered Byrom taken into custody, and set his bond at $95,000.00. Byrom filed another habeas application, which was denied. This appeal followed.

## ORDER OF CONTEMPT

In his first issue, Byrom argues that the probate court erred by finding him in contempt and committing him to the county jail for violation of its removal order requiring him to deposit $85,000.00 into the registry of the court. More specifically, Byrom contends that the June 16, 2009 contempt order violates the Texas Constitution, which forbids that a person be imprisoned or incarcerated for a debt.

A contempt order is reviewable only by a petition for writ of habeas corpus if the person held in contempt is confined. *See In re Henry*, 154 S.W.3d 594, 596 (Tex. 2005); *Cadle Co. v. Lobingier*, 50 S.W.3d 662, 671 (Tex. App.—Fort Worth 2001, pet. denied) (citing *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding)). Therefore, we lack jurisdiction to review Byrom's challenge to the June 16, 2009 contempt order on appeal. *See Tex. Animal Health Comm'n v. Nunley*, 647 S.W.2d 951, 952 (Tex.1983); *Vernon v. Vernon*, 225 S.W.3d 179, 180 (Tex. App.—El Paso 2005, no pet.); *see also In re Long*, 984 S.W.2d at 625.

Moreover, on September 8, 2009, Byrom filed a petition for a writ of habeas corpus with this court, complaining of the June 16, 2009 contempt order. We granted Byrom's petition for writ of habeas corpus and ordered him discharged because we determined that the contempt order violated the constitutional prohibition against imprisonment for debt and therefore, was void.[3] Consequently, even if the contempt order could otherwise be reviewed by appeal, the issue Byrom raises here is moot. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (stating that if a party lacks a legally cognizable interest in obtaining relief and, thus, no longer faces the unconstitutional conduct about which he complains, that party's claim is moot).

Byrom's first issue is dismissed for want of jurisdiction.

## ATTORNEY'S FEES

In his second issue, Byrom contends that the probate court erred in ordering subsequent attorney's fees for failure to pay a court-ordered claim for attorney's fees. In his brief, Byrom

---

[3] *See In re Byrom*, 316 S.W.3d 787, 793-95 (Tex. App.—Tyler 2010, orig. proceeding [mand. denied]).

3

states that there were three separate awards of attorney's fees. We will address each award of attorney's fees separately.

## Removal of Independent Executor

On September 10, 2008, the probate court removed Byrom as independent executor of Ruby's estate, and awarded Anderson attorney's fees against the estate in the amount of $14,034.10 for prosecuting Byrom's removal as the independent executor.

Before addressing the propriety of the fee award, we must first determine whether the award is appealable. To do so, we consider whether the probate court's order removing Byrom as the independent executor – the order that includes the fee award – is an appealable order. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Probate proceedings are an exception to the "one final judgment" rule; in such cases, "multiple judgments final for purposes of appeal can be rendered on certain discrete issues." *De Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006) (quoting *Lehmann*, 39 S.W.3d at 192). The appropriate test for jurisdiction adopted by the Texas Supreme Court is as follows:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Id.* (quoting *Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995)). In addition, courts may assess finality by determining whether the order to be challenged "dispose[d] of all parties or issues in a particular phase of the proceedings" for which it was brought. *Young v. First Community Bank, N.A.*, 222 S.W.3d 454, 457 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *De Ayala*, 193 S.W.3d at 579).

Here, there is no express statute providing that an order removing an independent executor is final and appealable. *See Logan v. McDaniel*, 21 S.W.3d 683, 688 (Tex. App.—Austin 2000, pet. denied). The question, then, is whether the order removing Byrom as the independent executor disposed of each issue raised in the pleadings for that part of the probate proceeding or, in other words, whether the order conclusively disposed of that phase of the proceeding. *See id.* Anderson filed a motion requesting that Byrom be removed as the

4

independent executor of Ruby's estate for cause, or in the alternative, be required to show cause why he should not be required to post a bond. Anderson also moved to compel an accounting and sought his attorney's fees. The probate court's order removed Byrom as the independent executor of Ruby's estate, but did not discharge him, ordered him to file an accounting, and awarded attorney's fees against the estate. Because the order challenged here addressed each issue raised in Anderson's motion, thereby conclusively disposing of this phase of the probate proceeding, the order removing Byrom as independent executor is a final and appealable order. *See id.*; *De Ayala*, 193 S.W.3d at 578. Therefore, the award of attorney's fees included in the order is also appealable.

Next, we must determine whether Byrom timely appealed the fee award. The removal order was signed on September 10, 2008. Byrom timely filed a motion to reform the judgment or alternatively, for new trial, complaining that the award of attorney's fees was excessive, unreasonable, and unnecessary. Therefore, Byrom was required to file his notice of appeal on or before December 9, 2008. *See* TEX. R. APP. P. 26.1(a)(1) (stating that a notice of appeal must be filed within ninety days after the judgment is signed if any party timely files a motion for new trial). However, Byrom did not file his notice of appeal until September 9, 2009. *See id.* Because Byrom did not timely file a notice of appeal of the fee award, we are without jurisdiction to consider this portion of his second issue. *See* TEX. R. APP. P. 42.3(a).

## Constructive Trust

On August 10, 2009, the probate court granted Anderson's motion for a constructive trust, and awarded Anderson attorney's fees against Ruby's estate in the amount of $4,662.94 for the constructive trust. On August 14, 2009, the probate court also granted Coker's joinder in the motion for a constructive trust, and awarded Coker attorney's fees against Ruby's estate in the amount of $1,750.00 for the constructive trust. These awards totaled $6,412.94.

The availability of attorney's fees under a particular statute is a question of law. *Holland v. Wal-Mart Stores, Inc.*, 1 S.W.3d 91, 94 (Tex. 1999). We review the availability of an award of attorney's fees de novo. *Estate of Hawkins*, 187 S.W.3d 182, 185 (Tex. App.—Fort Worth 2006, no pet.). An award of attorney's fees is permissible if authorized by statute or by contract between the parties. *Colonial Am. Casualty & Surety Co. v. Scherer*, 214 S.W.3d 725, 729 (Tex. App.—Austin 2007, no pet.). If a personal representative is removed for cause, the personal representative and the sureties on the personal representative's bond are liable for

5

reasonable attorney's fees incurred in removing the personal representative or in obtaining compliance regarding any statutory duty the personal representative has neglected. TEX. PROBATE CODE ANN. § 245(a)(2) (Vernon Supp. 2010). In other words, section 245 provides for attorney's fees incurred in connection with the removal of a representative for cause or due to the neglect of an administrator in performing his statutory duties. *Scherer*, 214 S.W.3d at 731; *Estate of Hawkins*, 187 S.W.3d at 185.

Here, Byrom was removed as the independent executor of Ruby's estate for cause. *See Scherer*, 214 S.W.3d at 731. Anderson's motion for a constructive trust, and Coker's joinder in Anderson's motion, included allegations that Byrom failed to deposit funds into the registry of the court as ordered by the probate court to pay claims Ruby's estate owed to them. As an independent executor, Byrom had a statutory duty to pay claims against Ruby's estate. *See* TEX. PROBATE CODE ANN. § 146(a)(3) (Vernon 2003). He failed to do so. Thus, Anderson and Coker requested a constructive trust to force Byrom to comply with his statutory duty to pay their claims from the assets of Ruby's estate. Because Byrom was removed as independent executor for cause and Anderson and Coker incurred attorney's fees to obtain Byrom's compliance to perform his statutory duty, the probate court was authorized by statute to award Anderson and Coker attorney's fees incurred in connection with the constructive trust. *See* TEX. PROBATE CODE ANN. § 245(a)(2); *Scherer*, 214 S.W.3d at 731; *Estate of Hawkins*, 187 S.W.3d at 185. Accordingly, we overrule that portion of Byrom's second issue regarding the award of attorney's fees to Anderson and Coker incurred in connection with the constructive trust.

## Contempt

Finally, Byrom argues that there is no provision in the Texas Probate Code for obtaining attorney's fees for civil contempt actions after an independent executor has been removed. As noted above, the probate court ordered that Byrom be held in contempt, committed him to the county jail, and awarded Anderson attorney's fees against Ruby's estate in the amount of $7,058.17 for the contempt action. We granted Byrom's petition for writ of habeas corpus regarding the June 16, 2009 contempt order and ordered him discharged because we determined that the contempt order violated the constitutional prohibition against imprisonment for debt and therefore, was void. A void order has no force or effect and confers no rights; it is a mere nullity. *In re Garza*, 126 S.W.3d 268, 271 (Tex. App.—San Antonio 2003, orig. proceeding [mand. denied]). Any attorney's fees based upon a void order must also be void. *Ex parte*

6

*Fernandez*, 645 S.W.2d 636, 639 (Tex. App.—El Paso 1983, no writ). Because the June 16, 2009 contempt order is void, the probate court's award of attorney's fees to Anderson for the contempt action is also void. *See id.* Accordingly, we sustain that portion of Byrom's second issue.

## Disposition

Byrom's second issue is dismissed for want of jurisdiction in part, overruled in part, and sustained in part.

## CONSTRUCTIVE TRUST

In his third issue, Byrom argues that he was not given proper legal notice prior to the entry of the order granting the constructive trust. More specifically, he contends that he was not given notice of the hearing and, therefore, the order is voidable.

## Facts

At the hearing on the motion for constructive trust on August 10, 2009, the judge of the probate court stated that he had anticipated a letter from Byrom stating that he would be unable to attend the hearing. It appears, however, that the letter did not arrive because the court ordered the bailiff to call Byrom's name at the courthouse door. Byrom did not respond and did not appear at the hearing. Further, Anderson's attorney stated that all parties were given notice of the hearing. Subsequently, the probate court granted the motion for a constructive trust. In its order, the probate court found that "[a]ll persons entitled to citation were properly cited."

At the hearing on Byrom's petition for writ of habeas corpus, Byrom's attorney explained that prior to the date of the August 10 hearing, Byrom was required to be at his physician's office and, based on an understanding that he would receive something from Byrom's physician, his attorney went to a seminar in Galveston. According to Byrom's attorney, "[a]pparently" there was a setting, but he did not recall getting notice. He stated that "I'm certainly not saying I didn't, but I didn't recall getting notice of any settings on that day or I wouldn't have been gone or I would have made arrangements." Then, Byrom's attorney stated that he was "not saying I didn't. I sure don't -- didn't see one; and probably if I didn't or if I don't find something, I may be filing some kind of a motion for rehearing on that receivership matter." The judge expressed his recollection of some "concern" that may have led to his allowing Byrom to bond out pending the current hearing because of "some notice issues." However, the judge declined to "point[] a

7

finger at anybody." In his motion for new trial, Byrom complains about a lack of notice for a hearing on Anderson's motion for a nunc pro tunc order to correct an error in the order on the motion for a constructive trust.

## Applicable Law

The law presumes a trial court hears a case only after proper notice to the parties. *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied). A recitation in a judgment that proper notice and hearing were had provides prima facie evidence of such notice, which must be accepted as true absent proof to the contrary. *Aldine Indep. Sch. Dist. v. Baty*, 946 S.W.2d 851, 852 (Tex. App.—Houston [14th Dist.] 1997, no writ). To overcome this presumption, an appellant must affirmatively show lack of notice. *Hanners v. State Bar of Tex.*, 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, writ dism'd); *In re Marriage of Lamirault*, No. 07-01-00133-CV, 2001 WL 1166373, at *2 (Tex. App.—Amarillo Oct. 3, 2001, no pet.) (not designated for publication). This burden is not discharged by mere allegations, unsupported by affidavits or other competent evidence, that proper notice was not received. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2.

## Analysis

As noted above, the order on the motion for a constructive trust states that "[a]ll persons entitled to citation were properly cited." This is prima facie evidence that proper notice was given to all parties. *See Baty*, 946 S.W.2d at 852. To overcome this presumption, Byrom must affirmatively show a lack of notice. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2. At the hearing on his petition for writ of habeas corpus, Byrom's attorney alleged that he did not recall receiving a notice of hearing, but did not affirmatively state that he did not receive notice. Further, although the judge of the probate court appeared to believe that there might have been some problems with notice, he did not elaborate and declined to "point[] a finger at anybody." The record does not contain a letter from the probate court or any of the parties regarding a notice of hearing. Nor does the record contain affidavits or other evidence affirmatively showing that Byrom did not receive proper notice. *See Hanners*, 860 S.W.2d at 908; *In re Marriage of Lamirault*, 2001 WL 1166373, at *2. Because Byrom merely alleged that he did not receive proper notice of the hearing on the motion for a constructive trust without any supporting affidavits or evidence, he did not meet his burden to

8

rebut the presumption that he received proper notice. Accordingly, we overrule Byrom's third issue.

## "SUMMARY" ARGUMENTS

In his brief, Byrom makes three other "summary" arguments, none of which are designated as issues in his brief. In "summary" argument 4, he asserts that he is the sole beneficiary of Ruby's estate and, thus, there is no beneficiary who can claim harm from his use of funds from Ruby's estate for his benefit. Further, he claims that Anderson and Coker are "merely" creditors and that their interest in Ruby's estate is limited to the extent of their claims. In "summary" argument 5, Byrom contends that the real parties in interest have obtained ancillary relief for their claims and that renders the contempt action moot. Both of these "summary" arguments appear to be based on his first issue, that the probate court erred by finding him in contempt and committing him to the county jail for violating its removal order. For the reasons stated in our discussion of Byrom's first issue, we lack jurisdiction to address Byrom's "summary" arguments 4 and 5.

In "summary" argument 6, Byrom argues that the probate court exceeded its authority by ordering a constructive trust because the property to be sold is his homestead, is located on land he had owned for over twenty years, and was, at least partially, paid for by community property funds belonging to him and his wife. Thus, he contends, this property should not be subject to Anderson's and Coker's claims. An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to the authorities and to the record. TEX. R. APP. P. 38.1(i). Byrom does not provide any argument or citations to authorities or the record to demonstrate how the probate court exceeded its authority. His argument consists of only conclusory statements that the probate court exceeded its authority, and that the property subject to the constructive trust was his homestead and community property. Because Byrom has failed to provide an adequate substantive analysis of this "summary" argument, he has presented nothing for our review. *See* TEX. R. APP. P. 38.1(i). Therefore, we overrule Byrom's "summary" argument 6.

9

## CONCLUSION

Because Byrom's June 16, 2009 contempt order is not reviewable by appeal, we *dismiss for want of jurisdiction* his first issue, and his "summary" arguments 4 and 5. We also *dismiss for want of jurisdiction* that portion of Byrom's second issue regarding the award of attorney's fees to Anderson for seeking Byrom's removal as independent executor. We *sustain* that portion of Byrom's second issue regarding the award of attorney's fees to Anderson for the contempt action, and *vacate* the probate court's award of attorney's fees in its June 16, 2009 contempt order. In all other respects, we *affirm* the judgment of the probate court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 16, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

10

# APPENDIX 2



EXHIBIT _A_

NO. 10745

| ESTATE OF | § | IN THE COUNTY COURT |
| | § | |
| RUBY RENEE BYROM, | § | OF |
| | § | |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

### NUNC PRO TUNC
### ORDER ON MOTION FOR CONSTRUCTIVE TRUST

On this day came before the Court the Motion for Constructive Trust filed by Roy P. Anderson, Plaintiff and creditor in the above cause.

**APPEARANCES**

ROY P. ANDERSON, Plaintiff, appeared by his attorney of record, David S. Bouschor, II.

Defendant JERRY BYROM, appeared in person and by his attorney of record Joe Shumate.

DUANE L. COKER, intervenor and creditor, appeared by his attorney of record Scott Rectenwald.

**FINDINGS OF COURT**

The Court, having examined the pleadings and heard the evidence and arguments of counsel, FINDS that:

(1) Plaintiff's pleadings are in due form and contain all allegations, information, and prerequisites required by law.

(2) This Court has jurisdiction of the parties and subject matter of this cause.

(3) A jury was waived and all questions of fact and law were submitted to the Court.

(4) A record of the testimony was duly reported.

(5) All persons entitled to citation were properly cited.

(6) Plaintiff was awarded a judgment against the Estate of RUBY RENEE BYROM, deceased, in Cause No. 7773 on April 23, 2007, in the amount of $31,992.75 with interest at 6% per year from date of judgment until paid.

(7) By Order of this Court entered December 8, 2008, Plaintiff was awarded a judgment against the Estate of RUBY RENEE BYROM, deceased, in the amount of $14,034.10.

(8) By Order of this Court entered December 8, 2008 JERRY BYROM was ordered to deposit property of the Estate of RUBY RENEE BYROM in the amount of $85,000.00 in the Registry of the Court of Cherokee County, Texas to be used to pay the judgments awarded Plaintiff.

(9) On June 16, 2009, an Order Holding JERRY BYROM in contempt and for commitment to jail was entered and Plaintiff was awarded a judgment against the Estate of RUBY RENEE BYROM, deceased, in the amount of $7,058.17 with interest at 6% per year from

date of judgment until paid.

(10) JERRY BYROM spent estate assets in the amount of $200,000.00 to build a house at 17441 County Road 3226 South, Mount Enterprise, Texas for his personal use and benefit.

(11) JERRY BYROM breached his fiduciary duty to the estate of RUBY RENEE BYROM.

(12) Due to JERRY BYROM's breach of fiduciary duty to the Estate of RUBY RENEE BYROM, the real property located at 17441 County Road 3226 South, Mount Enterprise, Texas should be encumbered by a constructive trust in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) for the benefit of the Estate of RUBY RENEE BYROM.

(13) Plaintiff expended attorneys fees and costs in the pursuit of this constructive trust as set out below, and said fees are properly chargeable as costs of this estate and should be paid by the Estate of RUBY RENEE BYROM;

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that JERRY BYROM, breached his fiduciary duty to the Estate of RUBY RENEE BYROM.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that a constructive trust in the amount of TWO HUNDRED THOUSAND DOLLARS ($200,000.00) is imposed upon the real property described in Exhibit "A", specifically the SECOND TRACT, attached hereto and by reference incorporated herein as if set out verbatim, and more commonly known as 17441 County Road 3226 South, Mount Enterprise, Texas for the benefit of the Estate of RUBY RENEE BYROM.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that in the event the sum of $200,000.00 is not paid into the Registry of the Court of Cherokee County, Texas by JERRY BYROM within 30 days from the date of this Order, the Court shall enter an Order Authorizing Sale of Real Property And Appointment of Receiver, wherein the Court shall appoint a receiver to take charge and possession of said real property described in Exhibit "A", specifically the SECOND TRACT, and shall be ordered to immediately place said real property on the market for sale at a price that the receiver believes will ensure the sale of said property within 90 days.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that upon the sale of said real property, all costs of sale shall be paid at the time of closing.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the proceeds derived from the sale of said real property shall be deposited into the Registry of the Court of Cherokee County, Texas, and thereafter shall be disbursed by the Clerk of the Registry of the Court of Cherokee County, Texas to pay the creditors of the Estate of RUBY RENEE BYROM, specifically including, but not limited to Roy P. Anderson, Plaintiff, and Duane L. Coker, Intervenor.

*Attorney's Fees*

IT IS ORDERED, ADJUDGED AND DECREED that attorney's fees, expenses, and costs incurred in this constructive trust suit by Plaintiff's attorney, in the amount of $4,662.94 are taxed

as costs against the estate of RUBY RENEE BYROM and said fees, expenses, and costs shall be paid by cash, cashier's check, or money order, directly to David S. Bouschor, II. at 217 East Oak Street, Denton, TX 76201 on or before the 10th day of September, 2009. The attorney may enforce this order for fees, expenses, and costs in the attorney's own name.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff is granted Judgment against the Estate of RUBY RENEE BYROM in the sum of $4,662.94, plus post judgment interest at 6% from the date of this Order until paid, compounded annually.

SIGNED this _16_ day of _November_, 2009.

Original Signed By
Craig A Fletcher
_____
JUDGE PRESIDING

FILED
at _12:55_ o'clock _P_ M.

NOV 17 2009

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO. TX
By_____ Deputy

FIRST TRACT:

Situated 19 miles S of Henderson being on the William Reagan and Josie Martinez league being the same land sold by J.H. Everett, to A.H. Hill on the 24th day of January, 1889, recorded on the 4th day of July, 1889, in the records of said county Vol. 37, Page 474 and 475;

BEGINNING at the NWC of the tract once sold by J.T. Ervin to J.S. Tipps, a stake on the E bank of Maxwell creek a R.E. 20" brs S 2 vrs.;

THENCE S with the boundary line of said Tipps 260 vrs; to offset cor. on the old league line between the Reagan and Martinez league a stake in old road leading from Glenfawn to Stephens a S.G. 18" brs. S 5 vrs.;

THENCE E on the league line 170 vrs. cor. same being another Tipps offset cor. a P.O. 10" dia. brs. S 5 vrs. a S.J. 8" brs. N 85 W 4-1/2 vrs.;

THENCE S on Tipps SBL 260 vrs, cor. on said line a Hy. 24" brs. N 55 W 10 vrs., a P.O. 6" brs. N 84 W 4 vrs.;

THENCE 520 vrs. to a cor. R.O. 20" brs. N 54 W 3 vrs. a R.O. 12" dia. brs. S 20 E. 2 vrs.;

THENCE W 520 vrs. to NEC of another tract once owned by Lewis Crawford a pine 12" brs. S 32 W 4-5/10 vrs.;

THENCE N 350 vrs. to place of beginning, containing 23-9/10 acres of the William Reagan league survey and 16.1 acres on the Josie Martinez survey, also a tract of 4 acres of land 19 miles S of Henderson, situated on the headright of the William Reagan league in Rusk County, Texas.

Being the same land once sold by J.H. Everett to A.H. Hill, on the 7th day of Feb. 1902, and recorded in book 51, page 475, deed records of Rusk County.

BEGINNING at the SEC of the tract of 12 acres of Lewis Crawford on the NBL of the 40 acre block;

THENCE W with the boundary line of the said Crawford 190 vrs. to corner rock for corner;

THENCE S 121 vrs. to cor. pine 12" brs. S 10 E 8 vrs.;

THENCE E 190 vrs. to the SWC of the said 40 acre tract a R.O. 20" brs. N 54 W 8 vrs. a P.O. 12" brs. S 20 E 2 vrs.;

THENCE N 121 vrs. to place of beginning, containing in the last tract 4 acres containing in all three tracts 44 acres of land.

This being the same land described in deed dated Oct. 30, 1925, from C. N. Davis, et ux to Frank Clay, recorded in Volume 121, Page 616-617, Deed Records of Rusk County, Texas.

SECOND TRACT:

BEGINNING in the NBL of the Earl tract now owned by the said Johnson when the said NBL crosses the Maxwell branch;

THENCE E 1350 vrs. to the NBL of the Martinez League;

THENCE N 65 W with said league line, 1425 vrs. to said Maxwell branch;

THENCE down said branch in a southerly direction to the place of beginning, containing 76 acres, more or less, but heretofore bought by me from A.H. Thompson for 100 acres, the Warrant hereinafter does not cover the extreme Eastern part of the tract which is now in conflict with D.W. March on the Dow Rogers place, there being the 76 acres _____ the conflict.

This being the same land described in Deed from J.N. Johnson to Frank Clay dated October 8, 1910, recorded in Vol. 68, Page 113, Deed Records of Rusk County, Texas.

SAVE AND EXCEPT and Grantors do hereby reserve all of the oil, gas and associated hydrocarbons, but this shall in no way include coal or lignite or any other mineral mined by strip or pit mining.

This conveyance is made subject to all rights-of-way and or easements of record or that may be visible on sight.

13

FILED

at 12:55 o'clock P.M.

NOV 17 2009

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO. TX

By _____ Deputy

EXHIBIT A

796.25

## WARRANTY DEED

STATE OF TEXAS    )
                  )    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF RUSK    )

That, we, ALTON STRICKLAND and wife, CHARLOTTE STRICKLAND, of Nacogdoches County, Texas, for and in consideration of the sum of TEN DOLLARS and other good and valuable consideration, cash to us in hand paid, the receipt and sufficiency of which is hereby acknowledged, have GRANTED, SOLD and CONVEYED and by these presents do GRANT, SELL, and CONVEY unto JERRY BYRON and wife, DIMPLE BYRON, of 823 Tyler Street, Jacksonville, Cherokee County, Texas 75766 and DOROTHY BERRY, of 901 Crockett St., Jacksonville, Cherokee County, Texas 75766, all of our right, title and interest in and to the following described tracts of land, situated in Rusk County, Texas, to-wit:

### First Tract:

Situated 19 miles S of Henderson being on the William Reagan and Josie Martinez league being the same land sold by J.H. Everett, to A.H. Hill on the 24th day of January, 1889, recorded on the 4th day of July, 1889, in the records of said county Vol. 37, Page 474 and 475;

BEGINNING at the NWC of the tract once sold by J.T. Ervin to J.S. Tipps, a stake on the E bank of Maxwell creek a R.E. 20" brs S 2 vrs.;

THENCE S with the boundary line of said Tipps 260 vrs. to offset cor. on the old league line between the Reagan and Martinez league a stake in old road leading from Glenfawn to Stephens a S.G. 18" brs. S 5 vrs.;

THENCE E on the league line 170 vrs. cor. same being another Tipps offset cor. a P.O. 10" dia. brs. S 5 vrs. a S.J. 8" brs. N 85 W 4-1/2 vrs.;

THENCE S on Tipps SBL 260 vrs. cor. on said line a Hy. 24" brs. N 55 W 10 vrs., a P.O. 6" brs. N 84 W 4 vrs.;

THENCE 520 vrs. to a cor. R.O. 20" brs. N 54 W 3 vrs. a R.O. 12" dia. brs. S 20 E. 2 vrs.;

THENCE N 520 vrs. to NEC of another tract once owned by Lewis Crawford a pine 12" brs. S 32 W 4-5/10 vrs.;

EXHIBIT B

THENCE E 350 vrs. to place of beginning, containing 23-9/10 acres of the William Reagan league survey and 16.1 acres on the Josie Martinez survey, also a tract of 4 acres of land 19 miles S of Henderson, situated on the headright of the William Regan league in Rusk County, Texas.

Being the same land once sold by J.H. Everett to A.H. Hill, on the 7th day of Feb. 1902, and recorded in book 51, page 475, deed records of Rusk County.

BEGINNING at the SEC of the tract of 12 acres of Lewis Crawford on the NBL of the 40 acre block;

THENCE W with the boundary line of the said Crawford 190 vrs. to corner rock for corner;

THENCE S 121 vrs. to cor. pine 12" brs. S 10 E 8 vrs.;

THENCE E 190 vrs. to the SWC of the said 40 acre tract a R.O. 20" brs. N 54 W 8 vrs. a P.O. 12" brs. S 20 E 2 vrs.;

THENCE N 121 vrs. to place of beginning, containing in the last tract 4 acres containing in all three tracts 44 acres of land.

This being the same land described in deed dated Oct. 30, 1923, from C. N. Davis, et ux to Frank Clay, recorded in Volume 121, Page 616-617, Deed Records of Rusk County, Texas.

### SECOND TRACT:

BEGINNING in the NBL of the Earl tract now owned by the said Johnson when the said NBL crosses the Maxwell branch;

THENCE E 1350 vrs. to the NBL of the Martineze League;

THENCE N 65 W with said league line, 1425 vrs. to said Maxwell branch;

THENCE down said branch in a southerly direction to the place of beginning, containing 76 acres, more or less, but heretofore bought by me from A.H. Thompson for 100 acres, the Warrant hereinafter does not cover the extreme Eastern part of the tract which is now in conflict with D.W. Narch on the Dow Rogers place, there being the 76 acres _____ the conflict.

This being the same land described in Deed from J.M. Johnson to Frank Clay dated October 8, 1910, recorded in Vol. 68, Page 112, Deed Records of Rusk County, Texas.

SAVE AND EXCEPT and Grantors do hereby reserve all of the oil, gas and associated hydrocarbons, but this shall in no way include coal or lignite or any other mineral mined by strip or pit mining.

This conveyance is made subject to all rights-of-way and or easements of record or that may be visible on sight.

TO HAVE AND TO HOLD the above-described premises, together with all and singular, the rights and appurtenances thereto in anywise belonging unto the said grantees, their heirs and assigns, and we do hereby bind ourselves, our heirs, executors, and administrators to Warrant and Forever Defend all and singular, the said premises unto the said grantees, their heirs and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof.

WITNESS OUR HANDS this the _24th_ day of _January_, 1986.

ALTON STRICKLAND

CHARLOTTE STRICKLAND

STATE OF TEXAS I

COUNTY OF _Nacogdoches_ I

This instrument was acknowledged before me this the _24th_ day of January, 1986, by ALTON STRICKLAND and wife, CHARLOTTE STRICKLAND.

Notary Public, State of Texas

Notary's Name Printed:

_Ruthie Simon_

My Commission Expires:

_7-11-89_

THE STATE OF TEXAS, COUNTY OF RUSK. I, Helen Sillick, County Clerk of the County Court of said county, do hereby certify that the foregoing instrument of writing, with its Certificate of Authentication, was filed for record in my office on the _11_ day of _Mar_ A.D. 19 _86_, at _2:40_ o'clock _P_ M., in the _Land_ Records of said County, in Volume _1480_ on pages _147 - 149_. Witness my hand and seal of County Court of said County at office in Henderson, Texas, the day and year last above written.

Clerk, County Court, Rusk County, Texas.

By _____ Deputy

# APPENDIX 3

OFFICIAL NOTICE FROM
SUPREME COURT OF TEXAS
Post Office Box 12248
Austin, Texas 78711-2248





RE: Case No. 11-0237
COA #: 12-09-00279-CV
STYLE: IN THE ESTATE OF RUBY REN... DECEASED

02 1M
0008000528
MAILED FROM ZIP CODE 78701

$ 00.29°

JUL 11 2011

Today the Supreme Court of Texas denied the petition for
review in the above-referenced case.

MAIL TO:

MR. JOSEPH F. ZELLMER
ATTORNEY AT LAW
620 WEST HICKORY ST
DENTON TX 76201-9032

# APPENDIX 4

NO. 10745

| ESTATE OF | § | IN THE COUNTY COURT |
| RUBY RENEE BYROM, | § | OF |
| DECEASED | § | CHEROKEE COUNTY, TEXAS |

## FIRST AMENDED NUNC PRO TUNC
## ORDER FOR SALE OF REAL PROPERTY
## AND FOR APPOINTMENT OF RECEIVER

On this day the Court considered the First Amended Motion for Judgment Nunc Pro Tunc of ROY P. ANDERSON.

IT IS ORDERED that the First Amended Judgment Nunc Pro Tunc be entered as follows:

Pursuant to this Court's Order dated November 16, 2009, this Court finds that 30 days have elapsed since JERRY BYROM, the prior Independent Executor of the Estate of RUBY RENEE BYROM, was ordered to deposit funds of the Estate of RUBY RENEE BYROM in the amount of $200,000.00 into the Registry of the Court of Cherokee County, Texas; that because of the failure of JERRY BYROM to deposit said funds of the Estate of RUBY RENEE BYROM into the Registry of the Court of Cherokee County, Texas, that it is in the best interest of the Estate for the following property to be sold and that the sale is necessary and advisable in order to pay the claims and judgments against the estate of RUBY RENEE BYROM, deceased. The property to be sold is described in Exhibit "A" specifically the Second Tract, which Exhibit "A" is attached hereto and by reference incorporated herein. The Court further finds that a receiver should be appointed to take charge and possession of said real property and to sell said property at private sale.

IT IS ORDERED that the property described in Exhibit "A", specifically the Second Tract, shall be sold at a private sale for cash.

IT IS FURTHER ORDERED that JILL PENN, a resident of Cherokee County, Texas, possesses the necessary qualifications, is not an attorney for or related to any party to this action, and is a proper person to be, and is hereby appointed receiver of the above-described property. On filing a receiver's bond in the amount of $1,000.00 personal conditioned as provided by law and approved by this Court, together with the Oath prescribed by law, he is authorized, subject to control of this court, to do any and all acts necessary to the property and law conduct of receivership set out below.

IT IS THEREFORE ORDERED that JILL PENN shall:

1. Take charge and possession of the property described and commonly known as 17441 County Road 3226 South, Mount Enterprise, Texas and more particularly

described in Exhibit "A" attached hereto, and due to joint ownership interests, shall file a Petition to Partition to determine the divided interest of JERRY BYROM in and to said property, and shall partition said property if partitionable, and sell said property if not partitionable.

2. If said property is partitioned in kind by the Rusk County Court, then JERRY BYROM's interest in said partitioned real property shall immediately be placed on the market for sale at a price the Receiver believes will ensure the sale of said real property within 90 days.

    a. All costs of sale and any and all liens and judgment shall be paid at the time of closing.

    b. All fees, charges and expenses of the Receiver shall be paid after payment of those expenses set out in "a." above.

    c. The separate and community interest of JERRY BYROM in the net proceeds (which is defined as the gross sales price less subparagraph a. and b. above), up to the sum of $200,000.00 shall be deposited by Receiver in to the Cherokee County Registry of the Court, under cause No. 10745. Any separate and community interest sums remaining after the deposit of up to $200,000.00 as described herein, shall be delivered to JERRY BYROM by Receiver.

3. If said property is not partitioned in kind and is ordered sold by the Rusk County Court, then said Receiver is ordered as follows:

    a. Receiver shall pay from the proceeds received from Rusk County Court, all fees, charges and expenses incurred by Receiver.

    b. Receiver shall deposit a sum not to exceed $200,000.00 into the Registry of the Court of Cherokee County, Texas, in Cause No. 10745, from those funds received from the Rusk County Court after payment of subparagraph a. above.

    c. Receiver shall deliver to JERRY BYROM any and all sums of money over and above $200,000.00.

IT IS FURTHER ORDERED that the parties shall cooperate with the Receiver, including, without limitation, signing any real estate listing agreement, showing property to prospective buyers, and vacating premises, if necessary in the opinion of the Receiver.

Receiver may enforce this Order by contempt if the parties do not cooperate.

SIGNED this _13_ day of _May_, 2013.

                                        JUDGE PRESIDING

First Amended Nunc Pro Tunc Order for Sale of Real Property and for Appointment of Receiver - Page 2

FILED
at 2:27 o'clock P M.
MAY 13 2013
LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO., TX.
By _____ Deputy

41

FIRST TRACT:

Situated 10 miles S of Henderson being on the William Reagan and Josie Martinez league being the same land sold by J.H. Everett, to A.N. Hill on the 24th day of January, 1889, recorded on the 4th day of July, 1889, in the records of said county Vol. 37, Page 474 and 475;

BEGINNING at the NWC of the tract once sold by N.T. Ervin to J.S. Tipps, a stake on the S bank of Maxwell creek a B.N. 10" brs S 2 vrs.;

THENCE S with the boundary line of said Tipps 260 vrs. to offset cor. on the old league line between the Reagan and Martinez league a stake in old road leading from Glenfawn to Stephens a S.G. 18" brs. S 5 vrs.;

THENCE E on the league line 170 vrs. cor. same being another Tipps offset cor. a P.O. 10" dia. brs. S 5 vrs. a S.J. 8" brs. N 83 W 4-1/2 vrs.;

THENCE S on Tipps SBL 260 vrs. cor. on said line a Hy. 24" brs. N 55 W 10 vrs., a P.O. 8" brs. N 54 W 4 vrs.;

THENCE 520 vrs. to a cor. R.O. 20" brs. N 54 W 3 vrs. a R.O. 12" dia. brs. S 20 E. 2 vrs.;

THENCE N 520 vrs. to NEC of another tract once owned by Lewis Crawford a pine 14" brs. S 33 W 4-5/10 vrs.;

THENCE E 350 vrs. to place of beginning, containing 23-9/10 acres of the William Reagan league survey and 16.1 acres on the Josib Martinez survey, also a tract of 4 acres of land 10 miles S of Henderson, situated on the bankright of the William Regan league in Rusk County, Texas.

Being the same land once sold by J.H. Everett to A.N. Hill, on the 7th day of Feb. 1907, and recorded in book 51, page 475, deed records of Rusk County.

BEGINNING at the SEC of the tract of 11 acres of Lewis Crawford on the NBL of the 40 acre block;

THENCE W with the boundary line of the said Crawford 190 vrs. to corner rock for corner;

THENCE S 121 vrs. to cor. pine 12" brs. S 10 E 8 vrs.;

THENCE E 190 vrs. to the SWC of the said 40 acre tract a R.O. 20" brs. N 54 W 8 vrs. a P.O. 12" brs. S 20 E 2 vrs.;

THENCE N 121 vrs. to place of beginning, containing in the last tract 4 acres containing in all three tracts 44 acres of land.

This being the same land described in deed dated Oct. 30, 1923, from C. N. Davis, et ux to Frank Clay, recorded in Volume 121, Page 616-617, Deed Records of Rusk County, Texas.

SECOND TRACT:

BEGINNING in the NBL of the Earl tract now owned by the said Johnson when the said NBL crosses the Maxwell branch;

THENCE E 1350 vrs. to the NBL of the Martinez League;

THENCE N 65 W with said league line, 1413 vrs. to said Maxwell branch;

THENCE down said branch in a southerly direction to the place of beginning, containing 76 acres, more or less, but heretofore bought by me from A.N. Thompson for 100 acres, the Warrant hereinafter does not cover the extreme Eastern part of the tract which is now in conflict with D.W. March on the Dow Rogers place, there being the 76 acres _____ the conflict.

This being the same land described in Deed from J.M. Johnson to Frank Clay dated October 8, 1910, recorded in Vol. 66, Page 122, Deed Records of Rusk County, Texas.

SAVE AND EXCEPT and Grantors do hereby reserve all of the oil, gas and associated hydrocarbons, but this shall in no way include coal or lignite or any other mineral mined by strip or pit mining.

This conveyance is made subject to all rights-of-way and or easements of record or that may be visible on sight.

EXHIBIT A

42

# APPENDIX 5

# NO. 12-12-00374-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE ESTATE OF* | § | *APPEAL FROM THE* |
| *RUBY RENEE BYROM,* | § | *COUNTY COURT* |
| *DECEASED* | § | *CHEROKEE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Jerry Byrom appeals from the county court's order for the sale of real property and appointment of a receiver. In one issue, he contends the county court erred in imposing a constructive trust on his homestead property and ordering its sale to pay guardian's fees, accounting fees, attorney's fees, and the interest thereon. We affirm.

## BACKGROUND[1]

Jerry Byrom was appointed executor of the estate of his mother, Ruby Renee Byrom. In June 2005, Roy Anderson, the temporary guardian of Mrs. Byrom's estate prior to her death, filed a $31,992.75 claim against her probate estate for temporary guardian's fees and attorney's fees. Byrom rejected the claim. Byrom also filed an inventory and appraisement of Mrs. Byrom's estate. Anderson objected to the inventory claiming that Byrom had omitted assets that existed at Mrs. Byrom's death.

On July 1, 2008, the county court removed Byrom as executor citing gross mismanagement, misappropriation of funds, and gross misconduct. On August 10, 2009, the county court granted the joint request of Anderson and Duane Coker[2] to impose a constructive trust on Byrom's home constructed with estate funds. The court ordered Byrom to pay

---

[1] For a somewhat more extended recital of the procedural history of this case, see *In re Estate of Byrom*, No. 12-09-00279-CV, 2011 WL 590588 (Tex. App.–Tyler Feb. 16, 2011, pet. denied) (mem. op.).

[2] Coker was the attorney ad litem for Mrs. Byrom in the guardianship proceeding.

should have been litigated in the prior suit." ***Barr v. Resolution Trust Corp.***, 837 S.W.2d 627, 628 (Tex. 1991). Texas follows the transactional approach to res judicata barring claims arising out of the transaction or occurrence that is the subject matter of the first suit. ***State & Cnty. Mut. Fire Ins. Co. v. Miller,*** 52 S.W.3d 693, 696 (Tex. 2001).

## Discussion

Byrom contends that the trial court erred in imposing a constructive trust on property he claims as homestead and in ordering the sale of that property. Byrom raised these same issues in the prior proceeding between the same parties and arising out of the same facts. This court ruled adversely to Appellant on both claims. *See **In re Estate of Byrom**,* 2011 WL 590588, at *7. Therefore, the doctrine of res judicata bars the relitigation of Byrom's claims.

Moreover, the record indicates that sometime during the course of the litigation, Byrom admitted that, while executor, he paid for the construction of the home on the subject property with money from his mother's estate. Byrom was removed as executor for misappropriation of funds and gross misconduct. Now, apparently, the estate has no money to pay the claims against the estate. Byrom wrongfully used the estate's money to construct the home he now claims as homestead. The homestead law does not protect property or funds obtained with money misappropriated by a fiduciary. *See **Baucom***, 423 S.W.2d at 442; ***Bransom***, 874 S.W.2d at 928.

Appellant's sole issue is overruled.

### DISPOSITION

The judgment of the trial court is ***affirmed***.

### BILL BASS
Justice

Opinion delivered July 31, 2013.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(PUBLISH)

3

# APPENDIX 6

# IN THE SUPREME COURT OF TEXAS

-- -- -- --

NO. 13-0933

IN THE ESTATE OF RUBY RENEE
BYROM, DECEASED

§
§
§
§
§
§
§

Cherokee County,

12th District.

**January 31, 2014**

Petitioner's petition for review, filed herein in the above numbered and styled case, having been duly considered, is ordered, and hereby is, denied.

**March 28, 2014**

Petitioner's motion for rehearing of petition for review, filed herein in the above numbered and styled case, having been duly considered, is ordered, and hereby is, denied.

★ ★ ★ ★ ★ ★ ★ ★ ★ ★

I, BLAKE A. HAWTHORNE, Clerk of the Supreme Court of Texas, do hereby certify that the above and attached is a true and correct copy of the orders of the Supreme Court of Texas in the case numbered and styled as above, as the same appear of record in the minutes of said Court under the date shown.

It is further ordered that petitioner, IN THE ESTATE OF RUBY RENEE BYROM, DECEASED, pay all costs incurred on this petition.

WITNESS my hand and seal of the Supreme Court of Texas, at the City of Austin, this the 28th day of March, 2014.



Blake A. Hawthorne, Clerk

By Kathy Sandoval, Deputy Clerk

# APPENDIX 7

NO. 2013-18

| | | |
|---|---|---|
| JILL CAMPBELL PENN IN HER | § | IN THE DISTRICT COURT |
| CAPACITY AS COURT APPOINTED | § | |
| RECEIVER | § | |
| V. | § | OF |
| JERRY BYROM, DIMPLE BYROM, | § | |
| And DOROTHY BERRY | § | RUSK COUNTY, TEXAS |

FILED

2014 NOV 14 PM 4: 16

COURTNEY TERRY
RUSK COUNTY DISTRICT CLERK
BY_____
_____DEPUTY

## DECREE ORDERING SALE OF REAL PROPERTY

On August 11, 2014, came to be heard the above-entitled and numbered cause. Jill Campbell Penn, Receiver, appeared in person and as attorney of record and announced ready for trial. Defendants Jerry and Dimple Byrom and Dorothy Berry appeared by attorney Joe Shumate.

No jury having been demanded, all matters of fact and things in controversy were submitted to the Court. In due consideration of all matters of fact and law, and after hearing the evidence and arguments of counsel, the Court is of the opinion and finds that:

1. Jerry Byrom, Dimple Byrom, and Dorothy Byrom are the sole owners of the real property more fully described on Exhibit A attached hereto and incorporated herein, more commonly known as 17441 County Road 3226 South, Mount Enterprise, Texas, **specifically** the Second Tract described thereon (the "Real Property").

2. The Real Property is subject to no mortgages, liens, or other encumbrances. The Real Property at Interest is currently owned by the parties as follows:

Jerry Byrom owns an undivided 1/3 interest in the Real Property

Dimple Byrom owns an undivided 1/3 interest in the Real Property

Dorothy Berry owns an undivided 1/3 interest in the Real Property

3. The Cherokee County Court at Law ordered Defendant Jerry Byrom to deposit property of the Estate of RUBY RENEE BYROM in the amount of $85,000.00 in the Registry of the Court of Cherokee County, Texas to be used to pay the judgments awarded to Roy Anderson, who was the temporary guardian of Jerry Byrom's mother before she passed away. Defendant Jerry Byrom did not do so.

4. The present value of the Real Property is between $352,000.00 and $373,000.00.

5. On August 10th 2009, the County Court at Law of Cherokee County signed an order Granting a Constructive Trust, which was later the subject of a Nunc Pro Tunc signed on Nov 16th 2009, that $200,000.00 should be placed in the Registry of the Court of Cherokee County, TX within 30 days. This did not occur.

6. The Real Property is not susceptible to a fair and equitable partition in kind because to do so would hinder the value of the property and cause substantial economic loss such that the entire amount to be placed in the registry of the Court could not be so placed. Accordingly, the Real Property must be sold per the previous order of the Cherokee County Court at Law, affirmed by the Tyler Court of Appeals.

7. IT IS ORDERED THAT Jill Campbell Penn, is appointed Receiver by this Court, to the extent such an appointment is necessary, to conduct the sale of the entire Real Property.

8. Pursuant to the Cherokee County Court at Law Ordering the sale of the Real Property, the Real Property shall be listed for sale for a price that the Receiver believes will ensure the sale of said property within 90 days from the date this Order is signed. Receiver is authorized and ORDERED to enter into a contract to sell the Real Property.

9. Martha McDougal shall be the realtor for the sale of the Real Property for a period of 90 days.

10. If the Real Property does not sell within 90 days from today, the Receiver has authority to adjust the sales price down based on the recommendation of Martha McDougal or to list the Real Property with another agent or for sale via public auction or private auction.

11. Once the Real Property sells, the Receiver is entitled to $9,000.00 for payment of her fees and costs of Court. It is ORDERED that Receiver shall write herself a check in the amount of $9,000.00 for attorneys' fees and costs. Additionally, the Receiver is entitled to and is ORDERED to pay all fees, charges and expenses incurred by the Receiver associated with selling the Real Property.

12. In addition to the costs in paragraph 11, the Receiver is ORDERED to pay Martha McDougal $450.00 for her time incurred in preparing an real estate evaluation for the Court and testifying as to the value of the same. Such costs are to be paid after receipt of the funds from the sale of the Real Property.

13. It is FURTHER ORDERED that all funds necessary to complete the sale of the Real Property will be deducted from the sales price upon sale of the Real Property, including but not limited to closing costs (if any), appraisal costs, inspection costs, title insurance costs, realtor fees, auctioneer/consignment fees, and similar charges. The Receiver is ORDERED to pay all such amounts from the sales proceeds.

14. After payment of the amounts in paragraphs 11 through 13, the Receiver is ordered to deposit the balance of funds from the sale of the Real Property, not to exceed $200,000.00, into the Registry of the Court of Cherokee County, Texas in Cause No. 10745.

13. If after payment of all fees, charges, and expenses and the deposit of $200,000.00 into the Registry of the Court of Cherokee County, Texas in Cause No. 10745 there are any funds remaining or left over from the sale of the Real Property, the Receiver shall pay those directly to Jerry Byrom, Dimple Byrom, and Dorothy Berry in the amount of 1/3 to each.

14. IT IS FURTHER ORDERED that Jerry Byrom, Dimple Byrom, and Dorothy Berry shall not do anything that would harm, hinder, or otherwise delay the sale of the Real Property and each are hereby enjoined from doing anything or taking any action that may harm or delay the sale of the Real Property. This Order shall be enforceable by Contempt.

15. IT IS FURTHER ORDERED that Jill Penn as Receiver is authorized to and shall sign all documents necessary to effectuate a sale of the Real Property and that such signature on all deeds shall constitute full and proper transfer of all right and title to the Real Property. If an issue arises and the signatures of Jerry Byrom, Dimple Byrom, and Dorothy Berry are necessary to effectuate a sale of the Real Property, IT IS ORDERED that those parties participate in all aspects in getting the Real Property sold, including but not limited to signing any real estate contract or deed.

Executed this _14_ day of _November_, 2014 but effective as of August 15, 2014.

_____
Judge Presiding

# APPENDIX 8

# TABLE OF CONTENTS

CERTIFICATE OF INTERESTED PARTIES .......................... ii-iii

TABLE OF CONTENTS .......................................... iv

INDEX OF AUTHORITIES ........................................ v

STATUTES AND RULES ......................................... v

STATEMENT OF THE CASE ...................................... 1

ISSUES PRESENTED ........................................... 2

    1.    That the trial court erred in ordering a constructive trust and sale of the homestead of Jerry Byrom in order to pay a judgment for attorneys fees, guardian's fees, accounting fees and interest thereon.

STATEMENT OF FACTS ......................................... 2

SUMMARY OF ARGUMENT ...................................... 6

ARGUMENT AND AUTHORITIES ................................. 7

PRAYER FOR RELIEF .......................................... 13

CERTIFICATE OF COMPLIANCE ................................. 14

CERTIFICATE OF SERVICE ..................................... 15

APPENDIX ................................................... 16

# APPENDIX 9

THE COURT: Back on the record in P10745; In Re: The Estate of Ruby Byrom.

Mr. Bouschor, I believe you indicated that you wanted to call Mr. Byrom. Do you have any other witnesses besides yourself that you might want to call?

MR. BOUSCHOR: No, your Honor.

THE COURT: Okay. Mr. Byrom, if I could get you to raise your right hand.

JERRY BYROM,

having been first duly sworn, testified as follows:

DIRECT EXAMINATION

BY MR. BOUSCHOR:

Q. Mr. Byrom, would you, please, state your full name for the record.

A. Jerry Earl Byrom.

Q. Mr. Byrom, you're aware that this Court signed on December 8, 2008, an order which removed you as independent executor from the Ruby Renee Byrom Estate, not discharging you, and ordered you to do certain things; is that correct?

A. Correct.

Q. And one of the things that you were ordered to do was to place $85,000 in the registry of the Cherokee County Court?

A. Yes.

Q. And have you done that?

A. No.

Q. And why not?

A. Don't have it.

Q. In this same order you were found to have received $622,786.22 of property that belonged to the estate; is that correct?

A. Correct.

Q. And what have you done with those funds?

A. Spent it.

Q. And where did you spend it?

A. Here and there. Different things.

Q. Well, would you be specific please?

A. Bought some pickups and bought some cows.

Q. All right. Can you tell me as far as the pickups, what pickups did you buy?

A. Bought a 2001 Dodge.

Q. Anything else?

A. Built a house.

Q. You built a house. And where are you living right now? What is your address?

A. 17441 County Road 3226 South, Mount Enterprise, Texas.

Q. Okay. And is that the house you built?

A. Yes.

Q.   And is this the house that you're homesteading?

A.   Yes.

Q.   So are you telling the Court that you spent this money on your current residence?

A.   Part of it, yes.

Q.   Okay.  Approximately, how much of this $600,000 did you spend on this house?

A.   Oh, 200.

Q.   And you said you bought some cows.

A.   Yes.

Q.   How many head of cows did you buy?

A.   About 30.

Q.   And where are they located?

A.   At that address.

Q.   How much land do you own at this address?

A.   About 150, 60 acres.

Q.   156 acres?

A.   150 or 60.

Q.   Okay.  Do you have any other excuse for not paying this money other than you spent it?

A.   No.

Q.   Do you recall taking an oath that you were going to uphold the law of Texas and probate your mother's estate truthfully?

A.   Yes.

# APPENDIX 10




## THORN CONSTRUCTION COMPANY
11458 FM 3226
ARP, TEXAS 75750
Office (903) 566-3998   Shop (903) 566-8794

| PROPOSAL SUBMITTED TO | | PHONE | DATE |
|---|---|---|---|
| Jerry Byrom | | 903-586=297₲ | 4-5-06 |
| **STREET** | | **JOB NAME** | |
| C.R.Road 3226 | | Residential Home | |
| **CITY, STATE and ZIP CODE** | | **JOB LOCATION** | |
| Mt Enterprise, Tezas | | C. O. Road 3226 | |
| **ARCHITECT** | **DATE OF PLANS** | | **JOB PHONE** |
| Ken Dick Associates | 3-5-06 | | |

We hereby submit specifications and estimates for:

Labor and materials to form and pour a 4" slab 30'-6" by 79'-8" with a brick ledge around perimiter. With footings around entire foundation 12" by 12" with 4 re-bars in footing. The slab will have 3/8" re-bars on 18" each way. Concrete will be 5 sack 3000 P. S. I. mix There will be two porches one 10'-0" X 14"-0" and one 8"-0" X 8'-0" also one storm cellar 12'-0" X 12'-0" X 8'-0" with steps into closet.with a trap door for entry way.Storm cellar will be built first then the foundation over part of it' or entry way into closet. with a vent for air supply into cellar.

Structural framing and trusses by Three-D Steel of Overton. Erection by Thorn Construction Company. Included in framing all exterior walls framed in 3 Doors and windows And sheeted with 1/2" foam board.Dryed in. Doors , Windows and Foam board by client!
Roof material to be 26 Gauge R Pannel Soffett to be 26 Gauge riverse U-Pannels. Colors by Client--------------------------- Roof.Color of Soffett.------------------- and trim.

**We Propose** hereby to furnish material and labor — complete in accordance with above specifications, for the sum of:

dollars ($ _____ ).

Payment to be made as follows:

Material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire, tornado and other necessary insurance. Our workers are fully covered by Workman's Compensation Insurance.

Authorized Signature _Douglas Thorn_

Note: This proposal may be withdrawn by us if not accepted within ____ days.

**Acceptance of Proposal** — The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Signature _Jerry Byrom_

Date of Acceptance: _____     Signature _____

EXHIBIT
3

To Reorder:



# THORN CONSTRUCTION COMPANY
11458 FM 3226
ARP, TEXAS 75750
Office (903) 566-3998   Shop (903) 566-8794

| PROPOSAL SUBMITTED TO | | PHONE | DATE |
|---|---|---|---|
| Jerry Byrom | | | |
| STREET | | JOB NAME | |
| CITY, STATE and ZIP CODE | | JOB LOCATION | |
| ARCHITECT | DATE OF PLANS | | JOB PHONE |

We hereby submit specifications and estimates for:

Cost,s Sheetas listed below.

Storm cellar. with steps .Two porches And a 4" foundation with footings
and brick ledge.
    Cost of foundation $ 13,500.00
    Cellar cost.$ 5000.00         $ 18,500.00

    Erection of building and dry-in.         $ 13'500.00

    DOors and windows and 1/2"foam board by client.    $ 3,000.00

    Framing materials by Three D steel.      $ 11,000.00

Metal for roof and soffets and trim.      $ 7,000.00
    total price of all   listed above      ------------
                            $ 53,000.00

    Payments as following Storm cellar $ 5,000.00 payable when complete
foundation when complete. $ 13.500.00 when complete. Framing up building
Sheet roof, frame in walls and sheet with 1/2¶ foam board. will be by
weekly draws for labor.

    All work will be done in a neet and orderly manner and the Job site will
will be kept clean of all excess materials and debris.and cordinated with
other crafts involved in project.

**We Propose** hereby to furnish material and labor — complete in accordance with above specifications, for the sum of:

Fifty' Three Thousand and no 1/00-        dollars ($ $ 53,000.00  ).

Payment to be made as follows:
    AS stated above 25% of cost Of metal upon signing the remainder upon
arrival of materials at job site, Roof materials and soffett and trims.
Labor will be by weekly draws as to % of completion Final when complete.

All material is guaranteed to be as specified. All work to be completed in a workmanlike manner according to standard practices. Any alteration or deviation from above specifications involving extra costs will be executed only upon written orders, and will become an extra charge over and above the estimate. All agreements contingent upon strikes, accidents or delays beyond our control. Owner to carry fire, tornado and other necessary insurance. Our workers are fully covered by Workman's Compensation Insurance.

Authorized
Signature _Douglas Thorn_

Note: This proposal may be
withdrawn by us if not accepted within **FILED** days.

**Acceptance of Proposal** — The above prices, specifications and conditions are satisfactory and are hereby accepted. You are authorized to do the work as specified. Payment will be made as outlined above.

Date of Acceptance: _____

Signature _Jerry Byrom_

Signature _____

at _12_ o'clock _P_ M
MAR 09 2010

LAVERNE LUSK
CLERK, COUNTY COURT CHEROKEE CO. TX

By_____ Deputy

NEBS To Reorder:
800-225-6380 or nebs.com